AO 241
(Rev. 06/13)

Page 2

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: New Jersey |
|---|---|

| Name (under which you were convicted):  Raymond Troxell | Docket or Case No.: |
|---|---|

| Place of Confinement :  NJSP, Box 861 | Prisoner No.:  28451B |
|---|---|

| Petitioner (include the name under which you were convicted)  Raymond Troxell | Respondent (authorized person having custody of petitioner)  Warden, NJSP |
|---|---|

v.

| The Attorney General of the State of  New Jersey |
|---|

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
Frederick DeVesa, New Jersey Superior Court, Middlesex County, Law Division

   (b) Criminal docket or case number (if you know):   09-02-00348

2.  (a) Date of the judgment of conviction (if you know):   05/21/2010

   (b) Date of sentencing:   08/20/2010

3.  Length of sentence:   Life w/o parole

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
First degree murder by payment under NJSA2C:11C:11-3a(1) and NJSA 2C:11-3(b)(4)(e)

6.  (a) What was your plea? (Check one)

   ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241
(Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury      ☐ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes      ☐ No

8.     Did you appeal from the judgment of conviction?

☑ Yes      ☐ No

9.     If you did appeal, answer the following:

(a) Name of court:     N.J. Superior, Appellate Division

(b) Docket or case number (if you know):

(c) Result:     Affirmed

(d) Date of result (if you know):     02/13/2014

(e) Citation to the case (if you know):     434 N.J. Super. 502 (App. Div. 2014)

(f) Grounds raised:   Defendant's videotaped statement was the product of psychologically coercive
interrogation;The  trial judge erred in failing to tell the jury that a finding on the
triggering factor, murder for hire, must be unanimous, if not, a valid verdict would not
stand;  Defendant's pro-se brief alleged that his statement should have been
suppressed because he did not knowingly and voluntarily waive the right to remain
silent; The admission of Frank Marsh's involvement in the trial impermissibly lowered
the state's burden of proof on material elements of the crime charged, and resulted in
a flawed jury instruction  thereby denying the defendant's right to due process; The
admission of evidence of Frank Marsh's involvement created a conflict of interest by
forcing defense counsel to defend his client's co-defendant despite severed trials
thereby depriving defendant of due process and effective assistance of counsel

(g) Did you seek further review by a higher state court?      ☑ Yes      ☐ No

If yes, answer the following:

(1) Name of court:    New Jersey Supreme Court

(2) Docket or case number (if you know):

(3) Result:    Denied petition for certification

(4) Date of result (if you know):     04/05/2021

    (5) Citation to the case (if you know):      112 A3d 591

    (6) Grounds raised:    Same as raised in N.J. Superior Court Appellate Division

    (h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes   ☑ No

       If yes, answer the following:

       (1) Docket or case number (if you know):

       (2) Result:

       (3) Date of result (if you know):

       (4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

       concerning this judgment of conviction in any state court?    ☑ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court:    Superior Court of Middlesex County, Law Division

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):    09/26/2014

        (4) Nature of the proceeding:    PCR petition

        (5) Grounds raised:    Ineffective assistance of trial counsel in the following respects (1) failure to investigate petitioner's condition in and around the time of the interrogations; (2) failure to demonstrate to the jury with available evidence that important portions of Mr. Kissel's testimony were false. With respect to issue #1, the claim was that Petitioner's statement to police was involuntary because Petitioner was under the influence of oxycodone, and trial acounsel was ineffective for failure to investigate and present this fact. With respect to issue #2, trial counsel was ineffective for failing to  effectively cross-examine Mr. Kissel using evidence that would have impeached Kissel's account of events. Failure to use the evidence during cross examination was prejudicial. He also claimed IATC for failure to call witnesses favorable to the defense. In his pro-se PCR petition, Petitioner alleged the State violated due process by using perjured testimony and failing to produce Brady material.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☑ Yes   ☐ No

        (7) Result:    Denied

        (8) Date of result (if you know):    03/02/2020

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 06/13)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes      ❏ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:     ✔ Yes      ❏ No

(2)  Second petition:   ❏ Yes      ❏ No

(3)  Third petition:    ❏ Yes      ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  The conviction was obtained and sentence imposed in violation of the Sixth Amendment right to effective assistance of trial counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Trial counsel failed to investigate and call withesses. He failed to use cell phone records that could have been used to impeach the testimony of Mr. Kissel, the State's main witness against Petitioner. For reasons unknown, trial counsel used the cell phone records during summation. Apparently, trial counsel was unaware that the jury would be instructed that trial counsel's closing arguments were not evidence.


(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 06/13)

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes      ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:
Claims of ineffective assistance of counsel must be raised in a PCR petition.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      PCR petition

Name and location of the court where the motion or petition was filed:
Superior Court of Middlesex County--Law Division

Docket or case number (if you know):      09-02-00348

Date of the court's decision:      02/15/2018

Result (attach a copy of the court's opinion or order, if available):
Denied petition

(3) Did you receive a hearing on your motion or petition?        ☑ Yes      ☐  No

(4) Did you appeal from the denial of your motion or petition?        ☑ Yes      ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes      ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Superior Court of New Jersey--Appellate Division

Docket or case number (if you know):      A-3126-17T3

Date of the court's decision:      03/02/2020

Result (attach a copy of the court's opinion or order, if available):
Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 06/13)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**
State denied due process by intentionally intruducing the false testimony of Mr. Kissel, its main witness.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The State was aware that Mr. Kissel testified falsely but failed to correct his testimony. The failure to correct the
testimony of the key witness was reversible error

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes          ☐ No

        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
        ☑ Yes          ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:      PCR petition

        Name and location of the court where the motion or petition was filed:
        State of New Jersey-Law Division-Middlesex County

        Docket or case number (if you know):      09-02-00348

        Date of the court's decision:      02/15/2018

AO 241
(Rev. 06/13)

Result (attach a copy of the court's opinion or order, if available):
Denied

(3) Did you receive a hearing on your motion or petition?                    ☑ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☑ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
New Jersey Superior Court-Appellate Division

Docket or case number (if you know):     A-3126-17T3

Date of the court's decision:     03/02/2020

Result (attach a copy of the court's opinion or order, if available):
Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

        have used to exhaust your state remedies on Ground Two

**GROUND THREE:**
The State suppressed the spreadsheet containg cell phone information until it was too late for the spreadsheet to
be used for the effecwtive cross-examination of J.C. Kissel who was the main prosecution witness.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The issue was presented in the pro-se PCR petition, but it was not addressed by the PCR judge.

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:
The issue was presented in the PCR petition but not addressed by the PCR judge

(c)       **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes          ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)       **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes          ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:          PCR petition

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
Not addressed by PCR Court

(3) Did you receive a hearing on your motion or petition?          ☐ Yes          ☑ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes          ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❒   Yes        ❒   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒   Yes        ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                      ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                 ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

New Jersey Supreme Court--certification denied 6/3/2020

AO 241
(Rev. 06/13)

13.   Please answer these additional questions about the petition you are filing:

   (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

      having jurisdiction?   ☑ Yes      ☐   No

      If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

      presenting them:

   (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

      ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

   that you challenge in this petition?      ☐   Yes      ☑ No

   If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

   raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

   of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

   the judgment you are challenging?      ☐   Yes      ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

   raised.

AO 241
(Rev. 06/13)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:
Robert H. Corbin, Esquire

(d) At sentencing:
Robert H. Corbin, Esquire

(e) On appeal:
Joseph Krakora, Esq.

(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐  Yes   ☑  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐  Yes   ☐  No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The petition is timely. The judgment of conviction became final with the conclusion of direct review on
12/3/14. State v. Troxell, 221  N.J. 285, 112 A3d 591 (9/3/14). Petitioner had 90 days to file a petition
for certiorari. The conviction became final 12/3/2014. Petitioner filed a pro-se PCR petition on 9/26/14
stopping the AEDPA clock with no days charged against the AEDPA deadline. The New Jersey
Supreme Court denied the petition for certiorari in connection with the PCR petition on 6/3/2020.
Petitioner has one year from 6/3/2020 to file a timely habeas corpus petition. A petition filed by
6/3/2021 is timely.

AO 241
(Rev. 06/13)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

   (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
         custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

         (A)   the date on which the judgment became final by the conclusion of direct review or the expiration
               of the time for seeking such review;

         (B)   the date on which the impediment to filing an application created by State action in violation of
               the Constitution or laws of the United States is removed, if the applicant was prevented from
               filing by such state action;

         (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court,
               if the right has been newly recognized by the Supreme Court and made retroactively applicable to
               cases on collateral review; or

         (D)   the date on which the factual predicate of the claim or claims presented could have been
               discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____/s/Sonia M. Silverstein_____

Signature of Attorney (if any)

2401 Pennsylvania Avenue
17B24
Philadelphia, PA 19130
215-313-0318    ssilverstinprelawshop.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this petition all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground.  I also understand that if I fail to set forth all the grounds in this petition, I may be barred from presenting additional grounds at a later date.

Executed (signed) on _4. 22. 21_____ (date)

Signature of Petitioner   _Raymond Troxell_____

=ŽꞸꞀꞁdꞌfꞋg꞉bꞌgꞋ[b]b[ ꞌ]gꞌbcꞌhꞌdꞃꞌꞲꞿꞂꞿꞃcbꞁꞲfꞁžꞌgꞀꞲꞁꞿꞂꞿꞃfꞁꞀꞲꞁUꞿcbgꞈ]dꞌhꞁꞌdꞃꞌꞲꞿꞂꞿꞃcbꞁꞲfꞌUbꞁXꞁꞿꞀꞲꞁ dꞌUꞈbꞁk ꞈmꞌdꞃꞌꞲꞿꞂꞿꞃcbꞁꞲfꞌꞁgꞌbcꞀꞲꞁgꞋ[b]b[ ꞌhꞈ]g dꞃꞌꞲꞿꞂꞿꞃcb"ꞌꞀ